Nash,
 
 J.
 

 We do not perceive any error committed by his Honor, in the Court below, either in rejecting the testimony of the impressions of the witness, Pritchard, or in calling the attention of the jury to the question put by the Plaintiff’s counsel, and then withdrawn by him.
 

 As to the first point, it admits of no controversy. The general rule is, that a witness must speak'to facts : and opinion, as evidence, is pretty much confined to questions of science, art, or skill, in some particular branch of trade, and to cases of sanity and the like. These are excepted cases, and in no instance, that I know of, has such an opinion, as required in this case, been permitted. The Witness was requested to state his impression from- an act, of the intention of another' person in that act. It was nothing but an opinion.
 

 
 *407
 
 The plaintiff’s attorney, by the permission of the Court, asked the witness, Pritchard, whether he desisted from bidding, in consequence of the pressure of his arm by the plaintiff) but withdrew the question before it was' answered. In order to answer properly the second exception, it is necessary to look at the point in issue between the parties. The defence to the action was, that the plaintiff and defendant were acting in concert at the sale, upon an agreement that the defendant should purchase the property at a small price, so that upon a resale there might be a surplus for the benefit of the plaintiff. The case states, that, in commenting upon the defence, his Honor called the attention of the jury to the different circumstances relied upon in the defence, among which was the pressure of Pritchard’s arm, “ that they might, in connexion with it, consider the question put, and withdrawn by the plaintiff’s counsel.” In this there was no error: it was a. fact transpiring in the course of the trial, brought before the jury by one of the parties and in relation to the question under investigation. The jury surely were at liberty, in weighing the testimony, to take it into their consideration : and if they could legally do so, the Court, in charging them, had a right to direct their attention to it. We dp not consider a Judge, under the act of 1794, in delivering his charge on the facts of a case, to be a mere machine to detail to the jury the evidence just as it occurred, and in the order it occurred : but it is his duty, when he does charge upon it, to collate it and bring it together in one view, on each side, with such remarks and illustrations as may properly direct their attention. Nor is it any error in a Judge or any officiousness to bring to the notice of the jury principles of law, or facts, bearing upon the case which counsel may have omitted in argument. If important to the decision of the case, it is his duty to do so. What effect the fact would have upon the mind of the jury in this case was for them to decide ;
 
 per se
 
 it stood in direct
 
 *408
 
 connexion with the question previously asked, and answered either way might have had an important bearing upon the decision. We see no error in the charge.
 
 State
 
 v.
 
 Moses,
 
 2nd Dev. 452.
 

 Per Curiam. Judgment affirmed.