B. M. ISLER v. HARRIET M. DEWEY, Guardian, and others.

It is legitimate for the purpose of impeaching the testimony of a witness, to offer evidence that he is a person of weak memory.

The proviso contained in the Act of March 10th, 1865, (Acts 1866, ch. 17,) does not prevent the repeal of section 12 of the Act of September 11th, 1861, (Acts 1861, ch. 10.)

(*Clary* v. *Clary*, 2 Ired., 78; *Bailey* v. *Pool*, 13 Ired., 404, cited and ap" proved.)

CIVIL ACTION for the recovery of the possession of a tract of land, tried before his Honor Judge SEYMOUR, at Spring Term, 1875, of WILSON Superior Court.

At June Term, 1874, of this Court, a new trial was granted in the case on appeal by plaintiff. The case was also before the Court at June Term, 1872. It will be found reported in 67 N. C. Rep., 93, and in 71 N. C. Rep., 14.

This action was originally brought in the Superior Court of WAYNE County, and upon affidavit of the plaintiff made at Fall Term, 1874, of that Court, it was moved for trial to WILSON County. There was a verdict in favor of the defendant. Judgment and appeal by the plaintiff.

The facts necessary to an understanding of the points decided are fully set out in the opinion of the Court.

*J. W. Isler*, for appellant.
*Smith & Strong*, contra.

RODMAN, J. But two questions are made in this case.

1. Samuel Smith, the grantor in a deed of trust, was introduced and testified on behalf of plaintiff. The defendant then called a witness, who, after objection by plaintiff, was allowed to testify that the memory of the witness Smith was below medium. We think the evidence was competent.

Ever since the case of *Clary* v. *Clary*, 2 Ire., 78, it has been considered that all persons, and not experts alone, can give their opinion as to the mental capacity of the maker of a will or deed, and on the same reasoning they may do so as to a person who has been introduced as a witness in the cause on trial. *Bailey* v. *Pool*, 13 Ire., 404. A person entirely without memory is incompetent as a witness, and if his memory is weak naturally, or has been impaired by disease or age, his testimony will naturally have less weight with a jury than if his memory was sound and unimpaired. To prove of a witness that his memory is weak, is a legitimate way of impeaching his testimony, and the opinions of those who know him may be resorted to for that purpose.

2. It is contended in this Court, though the point does not appear to have been made below, that the deed in trust of February, 1867, is void by the force of the act ratified 11th September, 1861, (see Act of 1861, 1862, 1863, 1864, republished, p. 8, sec. 12,) which says that all deeds in trust thereafter made shall be void as to creditors unless they provide for an equal distribution of the proceeds of the property conveyed among all the creditors of the grantor. This act, however, was repealed by sec. 14 of the act of 10th March, 1865, (acts 1866, chap. 17,) and the proviso, which says that *none of the provisions* of the act, except the first section, should apply to suits on debts contracted since May 1st, 1865, does not prevent the repeal. The concluding words of the section, "but the remedy in such cases shall remain as existed in the year 1860," show clearly that the intent of the proviso was not to keep alive the act of 1861 for any purpose, but to exclude debts since May, 1865, from the delays provided by the act for prior debts. There is no error.

PER CURIAM.                    Judgment affirmed.