### STATE v. DOCKERY McLAUGHLIN.

(Decided May 1, 1900.)

*General Rule, Opinions Not Evidence—Exceptions: Experts, Identity, Necessity.*

1. The general rule is, facts and not opinions are to be listened to by the jury. There are some exceptions: (1) The opinion of experts. (2) Opinions on the question of identity. (3) Opinions received from necessity.

2. The committing Justice may state what the prosecutrix testified to before him; the jury who heard her evidence before them are to determine whether her two statements were substantially the same.

INDICTMENT for the rape of Harriet McMillan. The prisoner was convicted at July Special Term, 1899, of the Eastern District Criminal Court of ROBESON County, *Battle, J.,* presiding, and appealed to the Superior Court, assigning as error admission of improper evidence. The prosecutrix had been examined and cross-examined. One of the committing Justices, D. L. Stewart, was examined on the part of the prisoner to show discrepancies in the evidence of prosecutrix in the Justice's Court, and on the present trial. On his cross-examination, the State proposed to ask the witness if her testimony in this court was substantially the same as it was on the hearing before him in Justice's Court. Objection by the prisoner. Question admitted. Answer: Yes, she testified to about the same on both trials. Prisoner excepts. The prisoner was convicted, and judgment of death was passed on him. He appealed to the Supreme Court, *Timberlake, J.,* presiding, who adjudged at Chambers on December 28, 1899, that there was error in the ruling of said Criminal Court, and that the defendant is entitled to a new

trial.    The Solicitor, C. M. McLean, excepted, and appealed
to the Supreme Court.

*Messrs. McLean & McLean,* with *Attorney-General,* for the
State.

*Messrs. J. D. Shaw, Jr.,* and *G. B. Patterson,* for defend-
ant.

FAIRCLOTH, C. J.    The defendant was convicted of the
crime of rape, in the Criminal Court.    On appeal to the
Superior Court his Honor held that there was error in the
trial, and the State appealed to this Court.

During the trial the prosecutrix, Harriet McMillan, was
examined and cross-examined.    The defendant examined the
committing Justice of the Peace as to the evidence of the
prosecutrix before him, who recited her evidence fully to the
jury for the purpose of showing discrepancies in her two
statements.    The State on cross-examination proposed to
ask the witness, "if the testimony of Harriet McMillan, the
prosecutrix, in this court was substantially the same as it
was on the hearing before him in the Justice's Court."    The
objection of the defendant was overruled, and the question
admitted, and the defendant excepted.    The witness said:
"She testified to about the same on both trials."

The admission of this question and answer was error.    The
general rule of law is that the jury (or the Judge, as the
case may be) are the triers of matters of dispute, and form
their conclusions from the facts before them, and not upon
the opinions of others on the subject.    So that, facts and
not opinions are to be listened to by the jury.

To this general rule there are some exceptions:    1. The
opinion of experts.    2. Opinions on the question of identity.
3. Opinions received from necessity, i. e., when from the

nature of the subject under investigation, no better evidence can be obtained. Illustration: Whether A was sick on a certain day, the opinion of a person who saw him on that day that A appeared sick, is admissible. *McKee v. Nelson*, 4 Cowan, 355.

The ordinary witness is not embraced within these exceptions, and he therefore falls under the general rule. That is the case in this instance.

Whether the two statements by the prosecutrix were substantially the same, is a fact to be determined by the jury, and not the witness. That would in effect make the witness the jury as to that fact. It was competent for the witness to state what the prosecutrix said on the former trial, and the jury would then determine whether the two statements were the same or not.

The converse of the principle is stated thus: "To impeach the credibility of a witness by proving that he swore differently as to a particular fact on a former trial, it is not necessary that the impeaching witness should be able to state all that the impeached witness then deposed to; it is sufficient if he is able to prove the repugnancy as to the particular fact, with regard to which it is alleged to exist." *Edwards v. Sullivan*, 30 N. C., 302.

There must, therefore, be a new trial in the Criminal Court, and it is so ordered.

The judgment of the Superior Court was correct, and it is Affirmed.