The defendants were convicted of robbery of one Ardella Evans committed on the first day of October, 1943. With the appellants Ernest Evans was charged in the bill of indictment, but in the course of the trial the solicitor for the State took a nol. pros. as to him.
From judgment of imprisonment predicated upon a jury verdict of guilty of robbery the defendants William Davis (alias Jack) Ham, Thurman Hardy and Raymond Hardy appealed to the Supreme Court, assigning errors.
The first exceptive assignments of error set out in the appellants' brief are those numbered one and two and are to the court's refusal to allow the defendants' motion to dismiss the action or for judgment of nonsuit lodged when the State had produced its evidence and rested its case and renewed after all the evidence in the case was concluded (G.S.,15-173). We are constrained to sustain these assignments in so far as they relate to the defendant Raymond Hardy, since the evidence raises no more than a suspicion of his guilt. The assignments in so far as they relate to William Davis (alias Jack) Ham and Thurman Hardy are not sustained, since the testimony of the prosecuting witness Ardella Evans was to the effect that she was robbed of between five and six thousand dollars by two men who came to her house on the night, or late evening, of the first day of October, 1943; that one of the men held her while the other took the money from a pocket or bag attached to her slip; that the man who held her was the taller of the two, and the man who actually took the money off of her person was the shorter; that the two men she subsequently saw in the jail were the two men who robbed her, and that these two men were Jack Ham and Thurman *Page 130 
Hardy, two of the defendants. The fact that there may have been some variance or lack of definiteness and positiveness in her testimony on cross-examination could only affect the credibility of her testimony, and of this the jury were the sole judges. S. v. Smoak, 213 N.C. 79,195 S.E. 72.
Assignments of error 5 and 6 are to certain testimony of the prosecuting witness Ardella Evans to the effect that she did "reckon" the defendants "were trying to borrow money" from her, and that they "were trying to borrow some" at the time they carried her to the show, and that she "thought" they tried to borrow $300.00 the first time, and she "reckoned" they wanted to borrow $750.00 the second time. The appellants contend that this testimony was incompetent for the reason that it was indefinite and not clear, and speculative, and against the interest of the appellants. With this contention we do not concur. How much weight should be given to the testimony was for the jury. The testimony was competent to show a motive in that it tended to show the defendants knew the prosecuting witness had the money and that the defendants were in need of money. S. v.Cain, 175 N.C. 825, 95 S.E. 930.
Assignments of error 7 and 8 are to certain evidence relative to the physical and mental condition of one Ernest Evans offered for the purpose of showing that the said Ernest Evans was unable to attend court and testify and thereby render competent in this trial his testimony theretofore taken in a habeas corpus proceeding instituted by the defendants in this case. The first evidence assailed being the testimony of Dr. E. N. Booker, an admitted medical expert, to the effect that Ernest Evans was not, in his opinion, able to attend court, and the second evidence assailed being the testimony of Lester Hales to the effect that Ernest Evans "lost his mind or something." We think both the testimony of Dr. Booker and of Lester Hales falls within the well recognized exceptions to the rule rendering opinion evidence incompetent. "To the general rule that the opinion evidence is incompetent there are three, at least, well recognized exceptions: First: opinions of experts; second, opinions on the question of identity; and third, opinions received from necessity, i.e., when from the nature of the subject under investigation, no better evidence can be obtained." S. v. Harris, 213 N.C. 648, 197 S.E. 156; S. v.McLaughlin, 126 N.C. 1080, 35 S.E. 1037. We are of the opinion that the testimony of Dr. Booker falls within the first exception and that of the witness Hales within the third. These assignments are therefore untenable.
Assignment of error No. 13 relates to the introduction by the State of the testimony of Ernest Evans, taken at the habeas corpus proceeding before the trial of this case, over the objection of the defendants. *Page 131 
In speaking of the effect of our statutes (formerly C. S., 4560, 4563, and 4572, now G.S., 15-88, 15-91, and 15-100) making competent evidence of testimony reduced to writing by magistrates upon preliminary hearings upon the common law rule, Hoke, J., in S. v. Maynard, 184 N.C. 653,113 S.E. 682, says: "But a proper perusal of this legislation will disclose that the same is in extension of the common-law principle which we are considering, that its purpose was to make these preliminary examinations, when properly taken, certified, and filed, in the nature of an official record, to be read in evidence on mere identification, and that it does not and was not intended to restrict or trench upon the common-law principle that evidence of this kind, when repeated by a witness under proper oath, and who can and does swear that his statements contain the substance of the testimony as given by the dead or absent witness, shall be received in evidence on the second trial. And well considered authority is to the effect that stenographers' notes, when the stenographer who took them goes on the stand and swears that they are accurate and correctly portray the evidence as given by the witness, come well within the principle." The distinguished Justice also quotes with approval from Mattox v.U.S., 156 U.S. 237, as follows: "That all the authorities hold that a copy of stenographic report of his entire former testimony, supported by the oath of the stenographer that it is a correct transcript of his notes and of the testimony of the deceased witness, is competent evidence of what he said," and also cites Settee v. R. R.,171 N.C. 440, 88 S.E. 734, where it is written: "The testimony of a witness stenographically taken at a former trial, who is absent from the State under such circumstances that his return is merely contingent or conjectural, may be received as evidence on a subsequent trial of the same cause of action when its correctness is testified to by the official stenographer who took and transcribed it, and there is no suggestion that the record thereof was not full and entirely accurate." Mrs. Carrie Speight Edwards testified: "I am Court Reporter for Johnston County, and took the evidence in thehabeas corpus proceeding in this matter. The book handed me is a true transcript of the evidence as taken by me. The testimony of Ernest Evans begins on page 71, and is a true copy of this evidence as taken by me. He was cross-examined by counsel for the defendants." It would seem that the requirements of the common law rule as applied by us were met in this case and there was no error in the admission in evidence of the testimony of the witness Ernest Evans as stenographically taken at the habeas corpus proceeding and as transcribed and identified under oath by the reporter who took it, and we so hold.
Assignments of error 14 and 15 are to the admission in evidence of the testimony of Erwin Alexander over the objection of defendants and the refusal of the court to strike such testimony upon motion so to do. *Page 132 
The testimony involved was to the effect that the witness had heard Jack Ham, one of the defendants, some time before the alleged robbery was committed, say in a conversation relative to recent robberies in the community that the knew an old woman who had some money and was keeping it under her dress. This evidence was competent as tending to show that the defendant Ham knew the prosecutrix had money and kept it under her dress, of which money she was subsequently robbed. This was a circumstance, which standing alone may not have had any potency, but when considered in connection with all the other circumstances appearing in the evidence may not have been entirely feckless. In criminal cases every circumstance calculated to throw any light upon the supposed crime is permissible. S. v.Payne, 213 N.C. 719, 197 S.E. 573, and cases there cited. These assignments cannot be sustained.
Assignment of error No. 18 is directed to the failure of the court to instruct the jury that certain testimony of Sheriff K. L. Rose was competent only for the purpose of corroborating the witness Ernest Evans. This assignment is untenable for the reason that the appellant did not ask, at the time of the admission of the evidence, that it be restricted to the purpose for which it was competent. Rule 21, Rules of Practice in the Supreme Court, 221 N.C. 558; S. v. Tuttle, 207 N.C. 649, 178 S.E. 76;S. v. McKinnon, 223 N.C. 160, 25 S.E.2d 606, and cases there cited.
Assignment of error No. 19 is to an except from the charge reading: "In that connection I charge you that if you find beyond a reasonable doubt that two of the defendants went in the home of Miss Evans and seized her and held her by force and violence, one holding her while another feloniously took from her person a sum of money with intent to appropriate it to their own use, and while so doing another was out in an automobile parked near there for the purpose of aiding and abetting them in getting away and getting gone with the money, it would be your duty to return a verdict of guilty as to all, because in that instance all would be principals and all would be equally guilty." The appellants in their brief contend that the three "defendants would not be guilty as principals in equal degree of the crime" and "insist that to aid and abet in escaping from the commission of the crime would not constitute a person guilty of the original crime committed." We see no error in the charge as quoted, but if the objection of the appellants to the charge be limited to the defendant who is alleged to have remained in the automobile to carry his codefendants away after the robbery had been perpetrated, any error therein is rendered harmless since we have reversed the judgment of the trial court in so far as it related to this defendant, Raymond Hardy, whom the State contended was aiding and abetting by being present in a waiting automobile for the purpose of accomplishing an escape. *Page 133 
Assignments of error 3 and 4 are formal and relate to the court's refusal to set the verdict aside and for a new trial for errors committed in the course of the trial, and to the judgment. All of the assignments of errors have been discussed seriatim as they are set out in appellant's brief and in them we find no prejudicial error as to the defendants William Davis (alias Jack) Ham and Thurman Hardy.
Since we are of the opinion that the evidence was insufficient to carry the case to the jury as to the guilt of Raymond Hardy the judgment as to him is reversed.
As to defendant William Davis (alias Jack) Ham and defendant Thurman Hardy, no error.
As to defendant Raymond Hardy, reversed.