### STATE v. OSCAR ABERNETHY ARMSTRONG.

(Filed 29 November, 1950.)

**Criminal Law § 42e—**

> Defendant may show by competent evidence that a witness for the State is an imbecile or moron for the purpose of challenging the credibility of such witness.

JOHNSON, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Bennett, Special Judge,* March Term, 1950, of GASTON.

Criminal prosecution on indictment charging the defendant with the murder and slaying of his wife, Lucille Armstrong.

STATE *v.* ARMSTRONG.

It is in evidence that the defendant slew his wife on the night of 30 August, 1949, by striking her several times over the head with a piece of iron.

The only eye-witness to the slaying was Betty Clinton, who also went by the name of Betty Roberson. As the State's principal witness, she testified that she saw the defendant approach his wife from behind and strike her over the head three times with a rusty piece of iron about as long as one's arm. The defendant's wife died in the hospital about four hours later.

On cross-examination, the witness seemed to get confused about where she was when she witnessed the assault and the visibility of the night. At one place in the record she says: "It was awfully dark and I was about three blocks from her." At another place she says, "The moon was shining that night."

Dr. T. H. Williston, who saw the deceased on the night of the homicide, testified for the prosecution, and stated on cross-examination that Laura Clinton (presumably Betty Clinton) had been a patient of his, and if allowed to testify, would have said: "I would classify her as a low-class moron, equivalent of a nine-year-old child." Exception to exclusion.

Robert Burrus, another witness for the State, if permitted, would have testified on cross-examination: "I would say she (Betty Roberson or Betty Clinton) is a moron or imbecile, has the mind of a child, say about 10 or 12 years old." Exception to exclusion.

Verdict: Guilty of manslaughter.

Judgment: Imprisonment in the State's Prison for a term of not less than 12 nor more than 14 years.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Ernest R. Warren and O. A. Warren for defendant.*

STACY, C. J. The denial of any impeachment of the State's only eye-witness to the fatal assault necessitates another hearing. It is always open to a defendant to challenge the credibility of the witnesses offered by the prosecution who testify against him. *S. v. Beal,* 199 N.C. 278, 154 S.E. 604.

What could be more effective for the purpose than to impeach the mentality or the intellectual grasp of the witness? If his interest, bias, indelicate way of life, insobriety and general bad reputation in the community may be shown as bearing upon his unworthiness of belief, why not his imbecility, want of understanding, or moronic compre-

hension, which go more directly to the point? *S. v. Ham,* 224 N.C. 128, 29 S.E. 2d 449; *S. v. Witherspoon,* 210 N.C. 647, 188 S.E. 111; *S. v. Vernon,* 208 N.C. 340, 180 S.E. 590; *S. v. Rollins,* 113 N.C. 722, 18 S.E. 394; *Isler v. Dewey,* 75 N.C. 466; *S. v. Ketchey,* 70 N.C. 621; *Bailey v. Poole,* 35 N.C. 404; Stansbury's N. C. Evidence, sec. 127, p. 245, note 66. That which may be shown indirectly may also be shown directly. The law favors directness over indirectness; simplicity over complexity; brevity over prolixity; clarity over obscurity; substance over form. There is no virtue in the long phrase when a short one will do just as well. The courtroom is not the home of redundancy or circumlocution. Conciseness is the keynote there.

When a witness goes upon the stand he subjects himself to cross-examination which may take the form of self-depreciation or the depreciation of other witnesses. *S. v. Beal, supra,* and cases there cited. Here, there was no suggestion of any claim of professional privilege or immunity in respect of Dr. Williston's proposed testimony; and none could be made in respect of the proposed testimony of the witness Robert Burrus. It follows that error was committed in excluding the proposed evidence.

New trial.

JOHNSON, J., took no part in the consideration or decision of this case.