## Commonwealth v. Kuntz

*Mark C. McQuillen, George M. Manderbach* and *Vincent Grant*, for defendant.

*Edward Youngerman*, for Commonwealth.

SHANAMAN, J., January 14, 1954.—Defendant, William Kuntz, was indicted, tried by a jury of 12 and by

them found guilty of sodomy with a small boy, and of indecent assault upon four other children. At the trial he denied the guilt charged against him in the indictments. A statement previously made and signed by him was admitted in evidence without objection. In it he denied sodomy, but admitted some instances of objectionable behavior with the persons of some of the children. At the trial he testified that these admissions previously made by him were actually untrue, or at least by implication that their untruth might be inferred. However, he did not accuse the district attorney or the police of misconduct. He has applied for a new trial on one ground, namely, that the court erred in excluding one of his offers of proof.

The offer, the objection, and the ruling of the trial judge are as follows:

"Mr. McQuillen: I propose and offer to call Dr. Allen, Mr. Shulman, Dr. John Bowers, and Miss Gudykunst, registered nurse, for the purpose of showing this man does not have the personality background of one who is likely to commit the offense with which he is charged; and further, for the purposes of showing that in the course of the investigation of his background and truthfulness of these charges, he was subjected to a truth serum test, under which he was in a semiconscious state, and was interrogated by Dr. Bowers in the presence of Mr. Youngerman, Mr. Coblentz, Paul Tibbetts, the nurse, and myself; and was also interrogated by Mr. Coblentz and Officer Reilly; in which it developed that he was telling the truth relative to these accusations.

"Mr. Youngerman: If the court please, I wish to object on the following grounds: No. 1, the offered testimony is irrelevant, incompetent, and immaterial; no. 2, it is contrary to an agreement between counsel at the time the Commonwealth arranged for the test; no. 3, the statement of counsel is incorrect in that defendant

admitted a number of the things with which he is charged, although he did not admit everything.

"The Court: The offers are overruled, the objections are sustained. Exception to defendant."

Defendant vigorously contends that the foregoing offer should have been allowed and cites Commonwealth v. Kline, 361 Pa. 434:

". . . when a defendant is charged with the commission of a sexual offence the law is more liberal in admitting as proof of his guilt evidence of similar sexual offences committed by him than it is in admitting evidence of similar offences when a defendant is charged with the commission of non-sexual crimes": Id., 443.

" 'That specific acts of misconduct have probative value in leading to a belief as to the existence of a moral trait of more or less constant nature is undoubted': Thayer in his 'Preliminary Treatise on Evidence' (page 265) says: 'Unless excluded by some rule or principle of law all that is logically probative is admissible in evidence', ": Id., 445.

Defendant contends that in fairness the rule quoted must have the effect of permitting the defendant to prove a good state of mind, devoid of any vicious mental design, by such "logically probative" evidence as is available to defendant. In this case the evidence available to defendant would be, according to his offer, the expert opinion of psychiatrists, and the answers of defendant under the influence of a drug, whose effect is to make lying difficult. We are not aware that the sciences of the mind have advanced so far as to make relevant and material the opinion of a physician, expert in the phenomena of the mind, to the effect that a defendant, charged with a sexual offense, has the type of strong will and good proclivities, or in other words, possesses the combination of temperament and

character which would render him very unlikely to commit a sexual offense. Defendant cites State v. Armstrong, 232 N. C. 727, 62 S. E. 2d 50 (1950), for the proposition that a witness may testify that the Commonwealth's witness is a moron or imbecile, having the mind of a child 9 to 12 years of age. We ourselves regard such evidence as admissible in order to bear on the credibility of the witness, but the rule does not extend so far as to permit one person to testify that another person, charged with crime, possesses so excellent a temperament and character that he is unlikely to commit a sexual offense.

Defendant also cites United States v. Hiss, 88 F. Supp. 559, 560 (1950), 185 F. 2d 822 (2d cir., 1950) affirming, and 340 U. S. 948 (1951), certiorari denied, for the proposition that "The existence of insanity or mental derangement is admissible for the purpose of discrediting a witness." This ruling is complementary to the one in State v. Armstrong, supra, and is subject to the same comment.

Upon the remaining portion of the offer, to show the effect of a truth serum upon defendant, or at least to be permitted to use such effect in forming an expert opinion, defendant cites 62 Yale Law Journal 315, 342. However, the Commonwealth cites the same article at page 346, to the effect that some offenders can deceive even when under the influence of the drug. It is sufficient for us to say that the accuracy of such tests, done outside the courtroom and away from the jury, is not yet so well established as to make their rejection at trial harmful error. Despite the able argument of defendant's counsel, we find no authority in the present state of the law for the admission of the testimony that he offered.

And now, to wit, January 14, 1954, the rule for new trial is discharged.