STATE OF NORTH CAROLINA v. ANDREW NEAL WRIGHT

No. 7621SC104

(Filed 16 June 1976)

1. **Criminal Law § 89— State's eyewitness — psychiatric history — refusal to allow cross-examination erroneous**

    The trial court in a second degree burglary case erred in refusing to permit defense counsel to cross-examine the State's only eyewitness with regard to his psychiatric history as a juvenile.

2. **Criminal Law § 53— psychiatric history of witness — expert medical testimony improperly excluded**

    The exclusion of evidence, in the form of testimony and psychiatric reports, as to psychological evaluation and psychiatric treatment of the State's eyewitness was error, since a properly qualified medical expert is allowed to tender his opinion concerning a witness based upon personal observation and other information contained in the patient's official hospital record.

APPEAL by defendant from *Seay, Judge.* Judgment entered 30 October 1975 in Superior Court, FORSYTH County. Heard in the Court of Appeals 24 May 1976.

Defendant was indicted for the second degree burglary of the home of Mr. and Mrs. Tony Eugene Hamby on 11 May

1975. From a verdict of guilty, defendant was sentenced to seven years in prison as a committed youthful offender.

*Attorney General Edmisten by Associate Attorney General Joan H. Byers for the State.*

*Randolph and Randolph by Clyde C. Randolph, Jr., for defendant appellant.*

PARKER, Judge.

[1] Defendant contends the trial judge erred in refusing to permit defense counsel to cross-examine state's witness, Steve Lynn Kelly, with regard to Kelly's psychiatric history as a juvenile. During a voir dire hearing, defense counsel questioned Kelly whether he had ever been treated by a psychiatrist and ever been examined at the Child Guidance Clinic, the Juvenile Evaluation Center, the Forsyth County Mental Health Clinic, or the Cameron-Morrison Training School. The court held this testimony to be inadmissible before the jury. We hold the exclusion to have been error. In *State v. Armstrong*, 232 N.C. 727, 62 S.E. 2d 50 (1950), Chief Justice Stacy held it was reversible error to deny the defense the opportunity to impeach the mentality or intellectual grasp of a witness. The testimony of this particular witness, Kelly, was of significant consequence as he was the only eyewitness to testify concerning the alleged criminal activity of the defendant. "The denial of any impeachment of the State's only eyewitness to the [crime] necessitates another hearing. It is always open to a defendant to challenge the credibility of the witnesses offered by the prosecution who testify against him." *State v. Armstrong, supra,* at p. 728.

[2] In accord with the above, we also hold the exclusion of evidence, in the form of testimony and psychiatric reports, as to psychological evaluation and psychiatric treatment of Kelly to be error. A properly qualified medical expert is allowed to tender his opinion concerning a witness based upon personal observation and other information contained in the patient's official hospital record. *State v. DeGregory*, 285 N.C. 122, 203 S.E. 2d 794 (1974). Upon the laying of a proper foundation, hospital records may be admissible as primary evidence as coming within one of the well recognized exceptions to the hearsay rule—entries made in the regular course of business. *Sims v. Insurance Co.*, 257 N.C. 32, 125 S.E. 2d 326 (1962) ; See Annot., 69 A.L.R. 3rd 22, Admissibility Under Business Entry Statutes

---

---

of Hospital Records in Criminal Case. We note that no objections to this evidence based upon doctor-patient privilege have been raised.

For the errors noted above, the defendant is entitled to a

New trial.

Judges HEDRICK and ARNOLD concur.