STATE OF NORTH CAROLINA v. JOHN LESLIE HEISER, SR.

No. 7714SC1030

(Filed 16 May 1978)

1. **Criminal Law § 80.1— medical records—doctor deceased—admission as business record—right of confrontation**

    In a prosecution for child abuse, a medical record prepared during an examination of defendant's son by a physician at a child care center who was deceased at the time of the trial was admissible under the business records exception to the hearsay rule where another physician at the child care center testified that entries in such records are made by the physician as the child is examined and that he recognized the handwriting of the physician who prepared the record. Furthermore, the admission of the medical record did not constitute a violation of defendant's right of confrontation because of the death of the physician who prepared it since business records are deemed reliable and trustworthy even though the person who prepared the record is not subject to cross-examination.

2. **Criminal Law § 99.8— court's questioning of witness—no expression of opinion**

    In this prosecution for child abuse, the trial judge's questioning of the child's mother was for the purpose of clarifying some confusing and contradictory testimony as to the date the child sustained a tooth injury prior to the time he was struck by defendant and did not constitute an expression of opinion in violation of G.S. 1-180.

3. **Parent and Child § 2.2— child abuse—dates alleged in civil action—proof of dates**

    In this prosecution for child abuse, the trial court properly excluded cross-examination of the child's mother as to her ability to recall the dates of child abuse alleged in an earlier action for child custody and support, and the court properly instructed the jury that it was not essential that the State prove the exact date charged but must prove a date so near to the date in question that the defendant would have adequate notice of that with which he is charged.

APPEAL by defendant from *McKinnon, Judge*. Judgment entered 24 June 1977 in Superior Court, DURHAM County. Heard in the Court of Appeals 6 April 1978.

The defendant was charged in two separate warrants with child abuse, G.S. 14-318.2. The defendant pled not guilty.

Only that evidence which is necessary to dispose of the defendant's assignments of error will be set out in the opinion. Further elaboration thereon would serve no useful purpose.

The jury found the defendant guilty. Judgment was entered imposing a prison sentence of 1 year, suspended for 3 years on condition that the defendant accept certain terms of .probation. Defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Charles J. Murray, for the State.*

*William A. Graham III for the defendant appellant.*

HEDRICK, Judge.

[1]   The defendant's first assignment of error concerns the trial court's admission of a medical record. At trial Dr. Sam Yancey was permitted over the defendant's objection to read into evidence a medical record prepared during an examination of the defendant's son at the Durham Child Care Center by Dr. Arthur London, who was deceased at the time of trial. The record challenged by this exception reads as follows:

> "Mother states child's father pulled out his hair. There is an area of baldness the size of fifty cent piece at the left vertex. No other evidence of entry. The mother was advised to talk with the father concerning child abuse law, and if there is recurrence to report it."

The defendant contends that the quoted record constitutes hearsay and does not fall within any recognized exception.

Our Supreme Court held in *Sims v. Insurance Co.*, 257 N.C. 32, 125 S.E. 2d 326 (1962), that upon a proper foundation hospital and medical records are admissible under the business records exception to the hearsay rule. A proper foundation consists of the testimony by a witness familiar with such records and the system under which they are made that the record is authentic and that it was prepared at or near to the time of the event recorded by a person having personal knowledge of such event. *Sims v. Insurance Co.*, *supra*; 1 Stansbury's N.C. Evidence, § 155 (Brandis Rev. 1973). This rule has recently been re-affirmed by the Court of Appeals. *Spillman v. Forsyth Memorial Hospital*, 30 N.C. App. 406, 227 S.E. 2d 292 (1976); *State v. Wright*, 29 N.C. App. 752, 225 S.E. 2d 645 (1976).

In the present case the medical record in question was offered following the testimony of Dr. Yancey, who as a physician at the Child Care Center, was familiar with such records. Dr. Yancey testified that the entries in such records are made by the physician as the child is examined. He further testified that he recognized the handwriting of Dr. London who prepared the record. This evidence clearly constituted a sufficient basis for the admission of the record. While a portion of the entry was perhaps objectionable as hearsay on hearsay, *Sims v. Insurance Co., supra*, the defendant's failure to move to strike that portion renders the whole admissible. *State v. Brooks*, 260 N.C. 186, 132 S.E. 2d 354 (1963).

The defendant advances no persuasive reasoning for his contention that the record in this case does not fall within the business records exception but simply asserts that because of the death of Dr. London the admission of the record would constitute a denial of his right to confrontation. Obviously, the right to confrontation which is guaranteed by the Constitution and represented by the hearsay rule admits to many exceptions when evidence is deemed reliable and trustworthy. 1 Stansbury, *supra* § 139. Business records constitute one such exception. A former prerequisite to the application of that exception was that the person making the entries must have been dead at the time of trial. 1 Stansbury, *supra* § 155. That this rule has been relaxed is an indication of the reliability which the courts impute to such records. Accordingly, the defendant's argument is without merit.

[2] The defendant also contends that the trial judge expressed an opinion in violation of G.S. 1-180 in his questioning of a State witness. It is established that a trial judge has the right and duty to control the examination of witnesses and to ask questions tending to clarify the witness' testimony for the jury. *State v. Tinsley*, 283 N.C. 564, 196 S.E. 2d 746 (1973). In doing so, the judge must refrain from impeaching or discrediting a witness or demonstrating any hostility toward the witness thereby indirectly expressing an opinion in violation of G.S. 1-180. 1 Stansbury's N.C. Evidence, § 37 (Brandis Rev. 1973).

In the present case the defendant's wife, testifying for the State, stated on cross-examination that the child had fallen from his bed and sustained a slight tooth injury some time prior to the

date on which the defendant allegedly struck the child. This evidence was elicited to determine whether the child's tooth was loosened as a result of the defendant's striking him or as a result of the previous incident. The record reflects some inconsistency in the witness' testimony as to the approximate date of the previous incident. Thus, the trial judge intervened in the defendant's cross-examination of the witness and asked her if the child fell from the bed a few weeks or three and a half months prior to the alleged child abuse incident or whether there was more than one such incident. The witness finally responded that the incident to which she had referred occurred three and a half months prior to the defendant's striking the child and that no similar incident had occurred thereafter. It is obvious that the trial judge's questioning of the witness was solely for the purpose of clarifying some confusing and contradictory testimony. Moreover, he displayed the utmost objectivity in the performance of his duty. This assignment is overruled.

[3] Finally, the defendant excepts to the exclusion of certain evidence. On cross-examination of the defendant's wife the defendant's counsel asked the following question: "Did you put any specific dates in that complaint?" The State's objection to the question was sustained by the trial court. The defendant contends that the question was "designed to test her memory with respect to specific dates of alleged child abuse occurrences originally given to her lawyer . . . when she instituted a civil action" for custody and support of their minor children. Accepting the defendant's statement as to his purpose in asking the question, we think it was actually addressed to his wife's ability to recall the substance of a complaint in an earlier lawsuit. As such, it was clearly irrelevant to the issues of the present case.

Under this same assignment of error the defendant cites the following instruction by the trial court:

MEMBERS OF THE JURY, I HAVE REFERRED IN EACH OF THE CASES AS TO A DATE BEING A FINDING THAT THE EVENTS MUST HAVE OCCURRED ON OR ABOUT A CERTAIN DATE. IT IS NOT ESSENTIAL THAT THE STATE PROVE THE EXACT DATE CHARGED IN A CASE OF THIS NATURE, BUT MUST PROVE A DATE SO NEAR TO THE DATE IN QUESTION THAT THE DEFENDANT WOULD HAVE ADEQUATE NOTICE OF THAT WITH WHICH HE IS CHARGED.

The defendant then submits the following argument:

> When this instruction is taken in conjunction with . . . the
> sustaining of an objection with respect to dates in an earlier
> complaint, the Court has put itself in the position of not
> allowing the Defendant to cross-examine the main pros-
> ecuting witness with respect to the date of alleged child
> abuse occurrences, thereby eliminating the Defendant's abili-
> ty to provide alibi testimony, and yet at the same time is in-
> structing the jury that it is not essential that dates be
> proven exactly.

We see no relation between the question asked by the defendant
on cross-examination and the quoted instruction. The defendant
was free to question the witness as to specific dates of child
abuse incidents by questions properly addressed to that end, and
the record discloses that he did so. In the quoted instruction the
trial judge merely explained the law of this State. *See State v.
Baxley*, 223 N.C. 210, 25 S.E. 2d 621 (1943); *State v. Lemmond*, 12
N.C. App. 128, 182 S.E. 2d 636 (1971).

We hold that the defendant received a fair trial free from
prejudicial error.

No error.

Chief Judge BROCK and Judge MITCHELL concur.