STATE OF NORTH CAROLINA v. HENRY EDWARD HARRELSON

No. 8115SC306

(Filed 20 October 1981)

**1. Criminal Law § 167— error in excluding evidence of witness's mental condition not prejudicial**

It was error to exclude evidence of defendant's mother's mental condition as she testified as an eyewitness but defendant testified she was not present and as the existence of a mental impairment may be shown to discredit testimony. However, the error was not prejudicial as there was ample evidence to sustain defendant's conviction absent his mother's testimony and as the jury was able to observe defendant's mother on the witness stand.

**2. Criminal Law § 113.1— jury instructions—recapitulation of evidence**

It was not necessary to recapitulate evidence of the close range of the shot killing the deceased for the jury to understand and decide upon defendant's plea of self-defense.

APPEAL by defendant from *Britt, Judge*. Judgment entered 29 October 1980 in Superior Court, ORANGE County. Heard in the Court of Appeals 22 September 1981.

The State's evidence tended to show that Levenia Harrelson was the mother of the deceased, Owen Harrelson, and defendant. She and another son, George Harrelson, were eyewitnesses to the murder for which defendant was charged. On 14 June 1980 the Harrelsons were at home. The evidence indicated that defendant had been drinking liquor heavily. However, defendant apparently was asleep until Owen walked to the refrigerator. Both Levenia and George testified that they saw defendant shoot Owen in the neck while he was standing in front of the refrigerator. George testified that after the shooting defendant got a knife and put it beside Owen's body. There was evidence that on the previous day Owen and defendant argued over some meat.

Defendant testified at length about arguments he had with his two brothers over some wine and liquor. Owen accused defendant of stealing some meat, defendant stated, and continued "cussing" him about it on the day of the shooting. Owen threatened defendant with a knife and defendant shot him "because [he] was scared of him." According to defendant's testimony, Levenia was not in the house at that time. Defendant also offered evidence of four prior incidents where Owen had assaulted someone.

State v. Harrelson

Defendant was found guilty of second degree murder. From the judgment entered thereon, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Grayson G. Kelley, for the State.*

*Epting, Hackney & Long, by Joe Hackney, for defendant-appellant.*

HILL, Judge.

[1] Defendant first argues that the trial court erred in excluding evidence of Levenia's mental condition. Defendant attempted to show through *voir dire* examination of George Harrelson that Levenia's mind had deteriorated with age, that she was forgetful, confused, and could not accurately remember things that happened or when events took place. Since she testified as an eyewitness, defendant believes the weight of Levenia's testimony should be for the jury to evaluate, especially in view of his contention that Levenia was not an eyewitness to the shooting. We agree. However, we do not find prejudicial error.

It is well settled that "[t]he existence of a mental or physical impairment which would affect the witness's powers of observation, memory or narration, may be shown in order to discredit his testimony." 1 Stansbury's N.C. Evidence § 44, pp. 122-23 (Brandis rev. 1973). This may be proven by cross-examination or by extrinsic evidence. *State v. Armstrong*, 232 N.C. 727, 62 S.E. 2d 50 (1950). Exclusion of the evidence of Levenia's mental impairment therefore was error.

Nevertheless, every error is not so prejudicial as to warrant a new trial. Defendant must show that the error complained of was prejudicial and thereby affected the result adversely to him. *State v. Matthews*, 299 N.C. 284, 261 S.E. 2d 872 (1980); *State v. Paige*, 272 N.C. 417, 158 S.E. 2d 522 (1967). If the testimony of Levenia Harrelson in the case *sub judice* is disregarded, there remains ample evidence in the record to sustain defendant's conviction in the form of George Harrelson's eyewitness testimony. The latter substantially corroborated Levenia's testimony about the shooting. Even so, the jury observed Levenia Harrelson on the witness stand. George Harrelson testified that his mother is eighty-one years old. Levenia's earlier testimony that she was

only thirty-two years old certainly brought her mental state to the jury's attention. Therefore, for these reasons, we find that the trial court's failure to permit evidence of Levenia Harrelson's mental condition was not so prejudicial as to have adversely affected the result of defendant's trial.

In his second argument defendant alleges error by the trial court in sustaining the State's objection to a question put to defendant about whether George was on defendant's "side" or Owen's "side" of their argument on the weekend of the shooting. It is apparent that the form of the offending question required defendant to draw a conclusion as to what George Harrelson was thinking. The trial court thereafter allowed defendant to testify about things George did or said to him on the day of the shooting. Thus, from the admitted evidence the jury could properly evaluate the mental state of George Harrelson and thereby draw its own conclusions. The objection was properly sustained.

[2] By his next assignment of error, defendant argues that the trial court erred in failing to include the evidence of the close range of the shot in its jury instructions. We do not agree. The trial judge is not required to recapitulate all the evidence in his charge to the jury, but only that amount necessary to explain the application of the law to the evidence. *State v. Alston*, 294 N.C. 577, 243 S.E. 2d 354 (1978); G.S. 15A-1232. Evidence of the close range at which defendant shot Owen Harrelson was before the jury. It was not necessary to recapitulate such evidence for the jury to understand and decide upon his plea of self-defense. This assignment of error is overruled.

We also overrule defendant's assignments of error which allege error in the trial court's jury instructions on the law of self-defense and voluntary manslaughter. These arguments have no merit and do not warrant further discussion.

In defendant's trial, we find

No error.

Judge HEDRICK concurs in result.

Judge WHICHARD concurs.