STATE OF NORTH CAROLINA v. JAMES ARTHUR JONES

No. 8116SC477

(Filed 3 November 1981)

**1. Criminal Law § 54— medical expert testimony—poisons—admissible**

A medical doctor's opinion that the prosecuting witness suffered from arsenic poisoning was properly admitted even though his opinion was based upon the results of tests he ordered and other information contained in the patient's official hospital records which had not been introduced into evidence.

**2. Criminal Law § 122.1— jury's request to reread testimony—no prejudicial error in reading stricken portion**

There was no prejudicial error in the reporter's reading a portion of testimony that had been stricken upon complying with a jury's request during their deliberation that a witness's testimony be reread as defendant was present and failed to object while it was being read and as the reporter reread that portion of the testimony and included defendant's objection and motion to strike, and the court's instruction to the jury to disregard the comment. G.S. 15A-1233(a).

APPEAL by defendant from *Battle, Judge.* Judgment entered 20 November 1980 in Superior Court, SCOTLAND County. Heard in the Court of Appeals 20 October 1981.

Defendant was convicted of assault with a deadly weapon with intent to kill. The evidence tends to show that defendant, on several occasions, tried to kill his wife by secretly putting poison in her food and drink.

*Attorney General Edmisten, by Special Deputy Attorney General Myron C. Banks, for the State.*

*Nance, Collier, Herndon and Ciccone, by James R. Nance, Jr., for defendant appellant.*

VAUGHN, Judge.

Defendant brings forward two assignments of error which relate to exceptions to rulings of the trial judge during the examination of medical experts. Neither discloses prejudicial error.

[1] Dr. Richard Paige Hudson, Jr., Chief Medical Examiner for North Carolina, testified for the State. As a specialist in forensic pathology, he was called in to examine Adleaner Jones who was

suffering from peripheral neuropathy. Defendant objects to the following testimony:

"Q: . . . Doctor Hudson, in your investigation did you consult the medical history of Mrs. Adleanor Jones?

A: I did.

Q: . . . based upon your physical examination and your consultation of her medical history, do you have an opinion satisfactory to yourself as to the origin of the malaise from which she suffered as you saw her there in North Carolina Memorial Hospital?

Objection overruled.

A: Yes Sir.

Q: What is your opinion, sir?

Objection overruled.

A: My opinion is she was a victim of arsenic poisoning.

Q: Alright sir what is the basis of your opinion?

Objection overruled.

A: It is based on a variety of things, based on my experience with numerous cases of arsenic poisoning. . . . It was based upon examination of hospital charts and records Moore County Hospital, the chart and records at the North Carolina Memorial Hospital, examination of biopsy that was taken of her liver . . . and the results of the chemical and toxicological tests, both of those performed at our laboratories and those performed elsewhere."

Defendant argues that the opinion should not have been admitted since it was based on factors not in evidence, not within the witness's personal knowledge, and not presented in the form of a hypothetical question.

It is well settled in North Carolina that an expert can express an opinion without use of the hypothetical question if the opinion is based on facts within his personal knowledge. *State v. Wade,* 296 N.C. 454, 251 S.E. 2d 407 (1979); 1 Stansbury, N.C. Evidence § 136 (Brandis rev. 1973). Personal knowledge is not

limited to facts derived *solely* from personal observations. *State v. DeGregory,* 285 N.C. 122, 203 S.E. 2d 794 (1974). Modern medicine requires specialized fields of study, and physicians often must rely on the results of tests performed by others in diagnosing or treating their patients. Our courts, therefore, have held that hospital records which are sufficient for diagnosis are sufficient for medical opinion testimony in the courtroom. *Id.; State v. Wright,* 29 N.C. App. 752, 225 S.E. 2d 645 (1976).

In the present cause, Dr. Hudson personally examined Adleaner Jones and requested urine samples to be taken. His opinion is based upon the results of tests he ordered and upon other information contained in the patient's official hospital records. It is, therefore, properly admitted without use of a hypothetical question.

If an opinion is properly admitted, the expert may then testify as to its basis. *State v. Wade, supra.* The basis of the opinion may include matters inadmissible or not in evidence. Since these matters are received only to give the jury information upon which to evaluate the validity of the doctor's opinion, there is no hearsay violation. Defendant's assignment of error is overruled.

Defendant makes essentially the same argument concerning testimony by Dr. David J. Allen, an internist who examined the victim at Moore Memorial Hospital. At trial, defendant did not object to Dr. Allen's testimony concerning results of a urine test or his opinion that Mrs. Jones' illness was due to arsenic intoxification. Defendant, therefore, cannot complain on appeal. Defendant did object, however, to the following examination:

"Q: . . . did you or any pathologist at the hospital, to your knowledge, cause another sample of her urine to be sent to Chapel Hill along with her?

A: There was more than one sample. I do not recall the date or who ordered it. It was reconfirmed, however."

The court struck the last statement concerning the results of this later test and instructed the jury to ignore it. We fail to see how the remaining answer prejudices defendant.

[2] Defendant's third assignment of error is that the court erred in permitting the court reporter to read back the testimony of Dr.

Allen upon the jury's request during their deliberations. The reporter began reading at a point after testimony concerning the physician's education and training. He failed to note that the court had allowed defendant's motion to strike Dr. Allen's statement that a urine sample was "reconfirmed." After a discussion between the judge and defendant's attorney, the reporter reread that portion of the testimony. He included defendant's objection and motion to strike, and the court's instruction to the jury to disregard the comment.

Defendant first argues that the court improperly allowed the court reporter to read back testimony without consulting defendant. G.S. 15A-1233(a) provides that "the judge in his discretion, after notice to the prosecutor and defendant, may direct that requested parts of the testimony be read to the jury. . . ." In the present cause, the record indicates that defense counsel was present during the reading back of the testimony and, therefore, had proper notice. Defendant also argues that the court reporter gave undue prominence to certain portions of Dr. Allen's testimony, thereby prejudicing defendant. The jury requested the entire testimony of Dr. Allen, and that is essentially what was read. The reporter's omission of opening testimony concerning the physician's education and training was not prejudicial to defendant. Defendant's argument with reference to the reporter reading that portion of the testimony that had been .stricken also fails to disclose prejudicial error. Defendant was present and failed to object while it was being read. Moreover, the reporter also read the judge's original order striking the testimony and instructing the jury to disregard the testimony.

The appeal fails to disclose prejudicial error.

No error.

Judges HILL and WHICHARD concur.