## ERNEST KOEHLER v. EDWARD C. KLINE.

185 N. W. (2d) 539.

March 26, 1971—No. 42471.

*Scholle, Schweiger & Scholle* and *Mark Scholle,* for appellant.
*Coulter, Nelson & Sullivan, Charles R. Coulter,* and *George A. Beck,* for respondent.

Heard before Knutson, C. J., and Murphy, Peterson, Kelly, and Odden, JJ.

PER CURIAM.

Appeal from an order of the district court denying defendant's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial in an action in which plaintiff was awarded damages for

personal injuries growing out of an automobile accident. Defendant's principal claim of error is that the damages awarded are excessive.

Plaintiff, who was a 45-year-old farmer on the date of the injury, November 3, 1963, was engaged principally in the performance of general farm work, including dairy operations. In partnership with his brother, plaintiff also rented out farm machinery and did "custom work," including corn picking and silo filling on neighboring farms. On the date of the accident, as he approached the site where his work was being carried on, he pulled his Pontiac automobile to the right of the highway, and while he was proceeding at about 5 miles an hour, with his right wheels on the right shoulder, he was struck from the rear by defendant's automobile. At that point the highway is approximately 24 feet wide. It appears that defendant, who was following plaintiff, intended to pass on his left but, in the process of doing so, encountered oncoming traffic which forced him to pull to the right. At that time he was proceeding at a speed of 40 to 50 miles an hour and failed to bring his car under control in time to avoid colliding with the rear of plaintiff's automobile. The right front of defendant's vehicle hit the left rear of plaintiff's car, pushing it forward a distance of from 10 to 30 feet from the point of impact into a ditch. Defendant's car left 51 feet of skid marks.

As a result of the impact, plaintiff was thrown into the back seat of his car, the front seat having collapsed, and his elbow struck the door handle with enough force to break it. Immediately after the accident, plaintiff got out of his car and crawled up an embankment to the road. A police officer who investigated the accident testified that plaintiff could have been in a state of shock. He was not hospitalized. The accident occurred in the early afternoon and that evening plaintiff's back, shoulder, neck, and arms stiffened, and he developed a headache. For about 3 days after the accident, he experienced nausea and vomiting. His physician diagnosed his condition as a whiplash injury. He found spasms in plaintiff's neck muscles down through his shoulders and concluded that the injury was permanent and disabling. The physician testified that upon physical exertion pain will recur. The medical expert who examined plaintiff for the defense testified that, although he did not find objective evidence of injury, he discerned tenderness in the injured area on both occasions when he examined plaintiff. He expressed the view that plaintiff's complaints were real and causally related to the accident. He agreed with plaintiff's physician that the condition was permanent.

It appears that plaintiff is a high school graduate and that farming has been his occupation during all of his adult life. Since the accident,

he has suffered pain resulting from physical exertion and his work has been curtailed because of it. He has had to give up his dairy operations, and his income from custom work is about one-fourth to one-third of what it was prior to the accident. By special verdict, the jury found that defendant was negligent; that his negligence caused the accident; and that plaintiff was not guilty of negligence. The jury also found that the sum which would fairly and reasonably compensate plaintiff for injuries sustained in the collision was $15,000. In his charge to the jury, the court noted that plaintiff's life expectancy was 22.82 years.

In considering defendant's claim that the verdict is excessive, it is only necessary to observe that the damages sustained by plaintiff, including loss of earnings, impairment of future earning capacity, and pain and suffering, were fact questions for the jury to decide on the basis of the evidence. While the verdict was generous, we cannot say on the record before us that the verdict was not warranted by the evidence. We must be controlled by the views expressed in Colgan v. Raymond, 275 Minn. 219, 146 N. W. (2d) 530, and numerous authorities referred to therein, that large verdicts should be closely scrutinized where the damages are based upon subjective symptoms only, but that, in the final analysis, the issue of whether damages are excessive rests largely in the discretion of the trial court, whose action will not be reversed on appeal unless it clearly appears that that discretion has been abused. We pointed out that there is no fixed standard by which damages for personal injuries can be determined, and this is particularly true where a jury has to deal with a whiplash injury and can receive only limited aid from objective medical findings. Here, the verdict is supported by competent medical opinion that plaintiff's pain is real and related to a chronic condition which accounts for pain and a degree of permanent disability. Moreover, the verdict has the approval of the trial court, and we cannot overlook the fact that the trial court is in a much better position than are we to pass upon the question of whether the verdict is excessive. Maas v. Midway Chevrolet Co. 219 Minn. 461, 18 N. W. (2d) 233, 158 A. L. R. 215; Zaikaner v. Small, 256 Minn. 275, 98 N. W. (2d) 247.

Defendant further contends that the court erred in permitting testimony on the part of defendant's expert to the effect that plaintiff was honest, truthful, and straightforward in relating his symptoms. In the context of the record, we see no error or prejudice in this testimony. The witness was doing no more than telling the jury that plaintiff was not a malingerer and that his injuries were not feigned.

Defendant also contends that the trial court should have found plain-

tiff comparatively negligent as a matter of law, based upon the claim that he violated Minn. St. 169.32, which provides in part:

"Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled part of the highway when it is practical to stop, park, or so leave such vehicle off such part of said highway, but in every event a clear and unobstructed width of at least 20 feet of such part of the highway opposite such standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle be available from a distance of 200 feet in each direction upon such highway."

That statute is not applicable to the facts of this case. Plaintiff did not "stop, park, or leave standing" his car on the highway. The statute is clearly directed at a stopped vehicle and is insufficient to form the basis of a ruling of comparative negligence as a matter of law. Wilson v. Sorge, 256 Minn. 125, 97 N. W. (2d) 477.

Affirmed.