JoANNE DelMEDICO AND ANOTHER v.
PAUL E. COATS.
MARY L. HAAPALA AND ANOTHER,
THIRD-PARTY DEFENDANTS.

203 N. W. 2d 860.

January 19, 1973—No. 43430.

*Ross M. Muir* and *Michael B. Goodman,* for appellant.

*O'Brien, Ehrick, Wolf, Deaner & Downing* and *L. D. Downing,* for respondents DelMedico.

*Price & Dunlap* and *Robert R. Dunlap,* for respondents Haapala.

Heard before Knutson, C. J., and Otis, Kelly, and Schultz, JJ.

HAROLD W. SCHULTZ, JUSTICE.*

This is an appeal from an order of the district court denying defendant's motion for a new trial. Defendant contends that the trial court's instruction that his alleged statements encouraging other parties not to report the auto accident to the police were a permissible basis for an inference of negligent driving constitutes reversible error. Defendant also challenges the court's instructions on damages and contends the verdict was excessive. We affirm.

Plaintiffs, JoAnne and Richard DelMedico, brought this action against defendant, Paul E. Coats, for injuries and damages sustained as a result of a two-car collision in the city of Rochester. Defendant denied liability and served a third-party complaint

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

against Mary and Ernest W. Haapala, the driver and owner of the car in which plaintiff JoAnne DelMedico was riding. Plaintiffs then filed a complaint against the third-party defendants Haapala, and the cases were consolidated and tried before a jury. The court found that plaintiff JoAnne DelMedico was not negligent as a matter of law. The jury found defendant Coats causally negligent and third-party defendant Mary Haapala not negligent. They awarded Mrs. DelMedico $29,500 in damages and her husband $5,000. Defendant's motion for a new trial on the grounds of errors at law by the court and excessive damages was denied, and he appealed.

The accident occurred on February 21, 1969. As the Haapala car was proceeding south on Sixth Avenue, it was struck by Coats' car, which was backing out of a driveway. Coats testified that his vision was blocked to some degree by a high snowbank and that when he tried to stop, his car skidded and collided with Mrs. Haapala's car, causing only minor damage. Testimony indicated that Mrs. DelMedico was jolted, struck her head on the right front window, and chipped a tooth that caused a cut and bleeding from the mouth.

The parties left their cars and inspected the damage. Mrs. Haapala testified that defendant "took complete command" of the situation, indicated the accident was his fault, suggested there was no need to call the police, and left.

Mrs. DelMedico developed severe headaches, back and neck pains, and, that evening, went to the hospital emergency room where she was treated. Her condition improved, but in August 1969 she reaggravated her previous injury while water-skiing. She testified—as did her husband, friends, and neighbors—to pain and curtailment of many of her activities. Her physician testified that her condition was causally related to the accident; that it was permanent; and that the water skiing incident was also a competent producing factor of her complaints.

On appeal, defendant contends that (1) the trial court erred in instructing, based on Minn. St. 169.09, that defendant's sug-

gestion that the parties need not notify the police of the accident was a permissible basis from which to infer an admission of negligence; (2) it was error to instruct that Mr. DelMedico could recover for future loss of services and companionship of his wife; (3) the court erred in failing to instruct that defendant was not responsible for subsequent aggravation of Mrs. DelMedico's injuries; and (4) the award of damages was excessive and not justified by the evidence.

■ The court in its instructions to the jury on the question of liability, in addition to other common-law duties and statutory provisions, raised the provisions of Minn. St. 169.09, subd. 6, which provides in part:

"The driver of a vehicle involved in an accident resulting in injury to or death of any person shall, after compliance with the provisions of this section, by the quickest means of communication, give notice of such accident to the local police department * * *."

The court paraphrased the statute and stated that—

"* * * violations of these statutes * * * is not negligence in and of itself, nor is it evidence of negligence. I have read the statutes to you only for a limited purpose * * *. It is this: that with respect to statements * * * that may have been made at the accident scene in which Mrs. Haapala and Mrs. DelMedico allege that Paul Coats indicated he would not report the accident and in which he is alleged to have encouraged the other parties to the collision not to report the accident to the authorities, as to those statements, if you jurors find he made them, the question is: *do those statements constitute a basis for you—you have to decide whether or not those statements constitute a basis for an inference of such an admission of negligent driving, but the failure to report it itself does not constitute negligence.*" (Italics supplied.)

The instruction stressed defendant's alleged "encouragement" that neither driver report the accident as the evidence from

which the jury could draw the inference of an admission. The inference that defendant's suggestion that no police report was necessary resulted from "guilty knowledge" of his negligence appears quite strained.

The only evidence going to Mrs. Haapala's negligence was defendant's testimony that he saw the Haapala car for a fraction of a second before the snowbank blocked his view and the car appeared to be traveling between 25 and 30 miles per hour. Defendant sought to demonstrate this was excessive speed under the circumstances. The jury's special verdict necessarily rejected this theory in finding Mrs. Haapala not negligent. The evidence of defendant's negligence was quite clear. His own testimony was that he had only a split-second lookout to the north; that he was aware of the snowbank blocking his vision; and that he did not apply his brakes until he saw the Haapala car. Mrs. DelMedico and Mrs. Haapala testified he admitted liability at the time of the accident. There was ample evidence for the jury to find defendant negligent without the challenged instruction. The instruction was unnecessary, but it was not, under all of the circumstances, prejudicial, and the error is considered harmless.

■ With respect to the instruction as to Mr. DelMedico's right to recover for future loss of his wife's services, the evidence indicated her injuries were permanent and that she would be subject to pain, limitation of activities, and other adverse influences on her future. This was a sufficient basis for the jury to award for future loss of services.

Defendant further argues that the trial court should have instructed the jury more fully on the proximate causation of plaintiff's injuries. He suggests the jury should have been instructed that defendant was not liable for any damages attributable to plaintiff's attempt to water-ski in August 1969. Although defendant raised this argument in his post-trial motion, he never sought such an instruction at trial. Where potential error is avoidable, counsel has an obligation to present his theories of the case to the trial court before the error becomes irremediable.

We feel that Knutson v. Arrigoni Brothers Co. 275 Minn. 408, 147 N. W. 2d 561 (1966), is determinative on this question, and no relief can be given to defendant on this point.

Finally, defendant contends that the jury's award of $29,500 to Mrs. DelMedico was given under the influence of passion and prejudice and is not justified by the evidence. It is true that the special damages were only $1,300. However, the evidence disclosed Mrs. DelMedico struck her head on the front window, chipped a tooth, and sustained a cut that bled. She sought and received medical treatment that day. The medical testimony clearly indicated that her cervical spine condition would be permanent. At the time of trial, plaintiff was a 35-year-old mother of 5 children and had a 37-year-life expectancy. She was in excellent health prior to the accident and afterward has had, and will continue to suffer, severe limitations of her activities. The court's scope of review is limited on this issue.

In this case, the symptoms are subjective; there was, and apparently there will be, no surgery, but her medical witness indicated that Mrs. DelMedico's primary disability is that she will be unable to lift, do heavy housework, or put pressure on her neck muscles without pain and aggravation of her injury. Furthermore, even the doctor who performed the adverse medical examination testified that plaintiff answered his questions openly and freely, that she did not lie, and that her injury was genuine.

The general rule is that "excessiveness of a verdict is a matter basically for the trial court and that we interfere only in those rare situations where there is a plain injustice or a monstrous or shocking result." Kennedy v. Caudell, 277 Minn. 35, 39, 151 N. W. 2d 407, 410 (1967). This court has often stressed the fact that the trial court is in a better position to judge excessiveness of a verdict than is this court. Koehler v. Kline, 290 Minn. 485, 487, 185 N. W. 2d 539, 541 (1971); Colgan v. Raymond, 275 Minn. 219, 225, 146 N. W. 2d 530, 534 (1966); Zaikaner v. Small, 256 Minn. 275, 282, 98 N. W. 2d 247, 252 (1959). The trial court stated that "the $29,500 awarded to Mrs. DelMedico was rea-

232

sonable and I find no reason to even believe that it pushes the upper limit of reasonableness." The jury had the benefit of observing the parties and the witnesses and of hearing the medical testimony. The jury's deliberations were not hasty, and on the basis of the entire record its verdict should be upheld.

Affirmed.