# DEANNA C. STURLAUGSON AND ANOTHER v. RENVILLE FARMERS LUMBER COMPANY AND ANOTHER.

204 N. W. 2d 430.

February 16, 1973—No. 43482.

*W. D. Prindle,* for appellants.

*Parris Law Offices* and *Joseph W. Parris,* for respondents.

Heard before Knutson, C. J., and Rogosheske, Todd, and MacLaughlin, JJ.

ROGOSHESKE, JUSTICE.

This is an action in which plaintiffs wife and husband were awarded damages by a jury totaling $37,000 for personal injuries resulting to plaintiff wife when the 1963 Chevrolet family automobile which she was driving was struck from the rear by defendant Paul C. Haug, who was driving a 3/4-ton truck belonging to his employer, defendant Renville Farmers Lumber Company, and loaded with 1,319 pounds of lumber. Defendants appeal from an order denying their motion for a new trial on the issues of both liability and damages. We affirm the order as to the issue of liability and the $24,000 award to plaintiff wife for general damages but reverse and reduce the award of $2,100 to plaintiff wife for her loss of earnings, past and future, to $732 and the award of $10,900 to plaintiff husband for past and future medical expenses and future loss of services to $3,847.55.

Since the evidence clearly permitted the jury to adopt plaintiff wife's version of the accident that her automobile, when at a complete stop, was struck from the rear by the lumber company's truck, we unhesitatingly, under fundamental rules governing our scope of review, affirm the jury's finding that defendant driver's negligence was the sole cause of the accident and resulting injury.

The difficulty we have with this record, however, is to find sufficient evidentiary support for any award of damages to plaintiff wife for loss of future earnings and to plaintiff husband for his wife's future medical expenses and for future loss of his wife's services. Plaintiff wife claimed soft-tissue injury to her lower neck and upper thoracic spine with suspected disc-structure injury, resulting in essentially subjective disabling

symptoms which persisted from the time of the injury to, with some diminution, the time of trial 1 year later. At the time of her injury, she was 31 years old, a housewife, the mother of three children aged 11, 10, and 6, and engaged part time in giving piano lessons to private pupils. Four medical witnesses, two called on her behalf and two by defendant, substantially disagreed on the extent and duration of her injuries. One of her treating doctors expressed an opinion that she had suffered a 35-percent permanent disability to her spine.

Despite the well-established rule that loss of past earnings is an element of special damages and loss of future earning capacity is an element of general damages, Wilson v. Sorge, 256 Minn. 125, 97 N. W. 2d 477 (1959), two arguably overlapping questions concerning plaintiff wife's damages were submitted without objection as follows:

"What sum of money will fairly and reasonably compensate Deanna C. Sturlaugson for her injuries? $24,000.00.

"What sum of money will fairly and reasonably compensate Deanna C. Sturlaugson for her loss of earnings, past and future? $2,100.00."

Plaintiff husband's claimed special and general damages were submitted in one question:

"What sum of money will fairly and reasonably compensate Robert L. Sturlaugson for the medical expenses incurred on behalf of his wife, Deanna C. Sturlaugson, past and future, and future loss of services? $10,900.00."

Without extending this opinion unnecessarily by quoting from the trial court's instructions, we believe the instructions on damages, when viewed in the light of the form of the special questions, did not sufficiently explain or distinguish plaintiff wife's claim for special damages from her claim for general damages or plaintiff husband's claim for the loss of future services of his wife. Our careful review of the record, which does not contain a transcript of final arguments by counsel, leaves us with the

distinct impression that these deficiencies probably resulted because plaintiff husband, as acknowledged at oral argument, did not seek damages for future medical expenses and, apart from claims for past medical expenses, counsel placed emphasis on plaintiff wife's past and (to some lesser extent) future general damages. Viewing the evidence most favorably to support the awards made, the reductions ordered are compelled because we are unable to find sufficient evidentiary support for the amounts awarded for loss of future earnings, future medical expenses, and future services of the wife.

The reduced amounts represent what the evidence, without dispute, establishes to be plaintiff wife's actual loss of past earnings as a piano instructor and what the evidence would permit the jury to find as plaintiff husband's necessary and reasonable past medical expenses. Awards in excess of these amounts, in our opinion, would be based purely on speculation. As we held in Lamont v. Independent School Dist. No. 395, 278 Minn. 291, 154 N. W. 2d 188 (1967), it is error to permit the jury to award damages for future medical expenses without any evidence as to what those expenses would be. Similarly, it was error to permit the jury to speculate as to what plaintiff wife would have earned, to a reasonable certainty, as a piano teacher after she quit teaching 3 months following the accident—even if we were to disregard the possibility of such loss being included in her general damages award.

With respect to the award to plaintiff husband for "future loss of services," the evidence simply does not establish what services the husband will be deprived of and for what length of time or any sufficient basis for evaluating that future loss without indulging in speculation. We are mindful that the evidence would support some allowance to plaintiff husband for loss of services from the time of his wife's injury to the time of the trial. This claim, however, was not included in the special verdict submitted nor, so far as we can find in the record, urged as a separate item of loss distinct from plaintiff's claim for general

damages—nor was the jury clearly instructed accordingly. Because of the evidentiary insufficiency, coupled with the inadequate instructions of the trial court and the rule that expert opinion of permanent disability does not provide per se a basis for recovery of future loss of services, Smith v. Rekucki, 287 Minn. 149, 177 N. W. 2d 410 (1970), we have concluded that we must also eliminate plaintiff husband's recovery on his claim for any loss of services.

We have considered all other errors claimed by defendants and are compelled to conclude that none of them, either individually or collectively, warrants granting a new trial. While the award of general damages to plaintiff wife was liberal, we do not find it excessive as a matter of law. See, Fifer v. Nelson, 295 Minn. 313, 204 N. W. 2d 422 (1973); DelMedico v. Coats, 295 Minn. 226, 203 N. W. 2d 860 (1973).

Neither party is entitled to tax costs or disbursements in this court.

Affirmed in part and modified in part.