353 So.2d 1257 (1978)
Alex LAMAZARES, Appellant,
v.
Felix Adolfo VALDEZ and Integon Insurance Company, a Corporation Licensed to Do Business in the State of Florida, Appellees.
No. 76-1456.
District Court of Appeal of Florida, Third District.
January 17, 1978.
*1258 Grover, Ciment, Weinstein & Stauber, Miami Beach, and Allan S. Friedman, Miami, for appellant.
Carey, Dwyer, Cole, Selwood & Bernard and Steven R. Berger, Miami, for appellees.
Before HAVERFIELD, C.J., HENDRY, J., and DREW, E. HARRIS (Ret.), Associate Judge.
DREW, E. HARRIS
In the trial of this automobile collision case the trial judge, over appropriate and timely objections of the plaintiff, allowed defendant to introduce evidence of a psychologist and a psychiatrist that the defendant was untruthful and that he was liable to make a mistake or misjudgment in his driving ability to re-act to accident circumstances. In doing so, the trial court committed reversible error.
Defendant below, the appellee here, defends the action of the trial judge, asserting in his brief:
"It is submitted that the science of psychology has advanced far enough to allow its use in litigation when the trial court determines in its broad discretion that such testimony is competent and relevant. See, Seaboard Coast Line Railroad Co. v. Hill, 250 So.2d 311 (Fla. 4th DCA 1971); United States v. Hiss, 88 F. Supp. 559 (S.D.N.Y. 1950), cert. den. 340 U.S. 948 [71 S.Ct. 532, 95 L.Ed. 683] (1951); Ingalls v. Ingalls [257 Ala. 521], 59 So.2d 898 (Ala. 1952); State v. Burno [200 N.C. 267], 156 S.E. 781 (N.C. 1931); Ellarson v. Ellarson [198 App.Div. 103], 190 N.Y.S. 6 (App.Div. 1921); People v. Cowles [246 Mich. 429], 224 N.W. 387 (Mich. 1929); Taborsky v. State [142 Conn. 619], 116 A.2d 433 (Conn. 1955); State v. Armstrong [232 N.C. 727], 62 S.E.2d 50 (N.C. 1950); Koehler v. Kline [290 Minn. 485], 185 N.W.2d 539 (Minn. 1971)."
Appellee cites two Florida cases which he says supports his position, viz. Reese v. Naylor, 222 So.2d 487 (Fla. 1st DCA 1969) and Seaboard Coast Line v. Hill, 250 So.2d 311 (Fla. 4th DCA 1971). In the Reese case, the holding was that a qualified clinical psychologist was competent to testify as to his diagnosis of a person's mental condition. And, in the Seaboard case, the holding was that the psychologist there was qualified to testify that an average driver would not have seen a train under the facts there related in time to avoid a collision. It should be noted however, that in that case the expert had been qualified in the understanding of human reactions in environments of darkness, fog, sound deficiency, etc. at the time of a particular accident. We find nothing in these cases which can give comfort or support to appellees' argument. Nor are we yet ready to accept the conclusion reached in the scholarly articles cited by appellee.
The admission of evidence of the nature set forth above is a clear invasion of the province of the jury or the court when sitting as a trier of fact. To allow such evidence would open a new area of speculation in the search for the truth, complicate the issues now and historically entrusted to the triers of fact, and add great costs to litigation which is already approaching prohibitive figures.
The other assignments have been examined by us and are found to be without merit.
Reversed and remanded for a new trial.