**Loy Ann ANDERSON, Respondent,**

v.

**Lewis HONAKER, et al., Appellants.**

**Nos. C5-84-1833, C0-84-1612.**

Court of Appeals of Minnesota.

April 2, 1985.

expenses of the videotape depositions of expert and lay witnesses in addition to charging him for the actual deposition transcript expense and expert witness fees. Affirmed.

## FACTS

Respondent Loy Ann Anderson was injured when the car in which she was a passenger collided with a car driven by appellant Lewis Honaker's son. During trial, Anderson introduced, through videotape, the testimony of two medical experts and an out-of-state lay witness. Based on the videotape testimony and other evidence, the jury found Anderson's damages to be $59,750, $6,800 of which was for pretrial lost wages.

Before trial Anderson had been paid $2,097.12 in wage loss benefits by her no-fault insurer. The trial court deducted $2,097.12 for pretrial wage loss instead of the jury's verdict amount of $6,800.

The trial court awarded respondent $2,824.41 in costs. Appellants challenge $848.50 attributable to the videotape expenses.

## ISSUES

1. Did the trial court err in deducting the wage loss benefits received by Anderson when the jury found her wage loss to be greater?

2. Did the trial court abuse its discretion in taxing the losing party with expenses of videotape recorded deposition testimony, in addition to actual deposition transcript costs?

## ANALYSIS

1. Appellant contends that the entire amount of the jury's pre-trial wage loss ($6,800) must be deducted from the total damages as a "benefit paid or payable" pursuant to Minn.Stat. § 65B.51, subd. 1 (1982).

The $6,800 has not been paid and is not payable. In *Haugen v. Town of Waltham*, 292 N.W.2d 737 (Minn.1980), the

William R. Sieben, Minneapolis, for respondent.

Robert W. Kettering, Jr., Paul Floyd, Minneapolis, for appellants.

Heard, considered, and decided by LESLIE, P.J., and SEDGWICK and RANDALL, JJ.

## OPINION

SEDGWICK, Judge.

Appellant Lewis Honaker appeals from the judgment entered after jury trial that deducted $2,097.12 from Anderson's total recovery. Honaker claims that he is entitled to a greater deduction. He also appeals a post trial order taxing him for the

court struck down the set off of unpaid future medical benefits. It reasoned that:

> [T]he no-fault carrier of the successful plaintiff in this case is not a party to the action. Thus, the plaintiff has no assurance that his insurance carrier will accept the amount of damages awarded, let alone that it will accept responsibility for such damages. If the no-fault carrier contests these matters, then the successful plaintiff must relitigate his claim.

292 N.W.2d at 740. Similarly, if the larger amount here were set off, Anderson's recovery would be incomplete and uncertain. Anderson's no-fault carrier is not a party and is not bound by the judgment. In no sense is the $6,800 "payable" to Anderson by her insurer within the meaning of section 65B.51.

In these circumstances, *Haugen* recognized that the unreimbursed deduction infringes on plaintiff's constitutional right to have a "certain remedy in the laws," which shall "completely" allow such person to obtain justice. 292 N.W.2d at 740, citing Minn.Const. art. 1, § 8.

Honaker attempts to distinguish *Haugen* by noting that it applies to future medical benefits. Here the issue is past lost wages. There is no policy to justify treating the two situations differently. *Haugen* was reaffirmed in *Ferguson v. Illinois Farmers Insurance Group Co.*, 348 N.W.2d 730 (Minn.1984), which involved future and past wage losses. The court did not explicitly address the issue of past losses. However, it did say "the reimbursement of actual expenses is what the No-Fault Act provides." 348 N.W.2d at 733.

*Haugen* recognized that a basic purpose of no-fault is to avoid double recovery. Here, the court's order did not create a double recovery, but gave Anderson complete relief under the law. Therefore, we affirm the trial court.

2. Relying on *Romain v. Pebble Creek Partners*, 310 N.W.2d 118 (Minn.1981), the trial court determined respondent was entitled to recover the cost of videotaping the depositions of the three witnesses in addition to recovering the actual deposition transcript costs.

*Romain* reviewed the allowable guidelines for determining necessary costs under Minn.Stat. § 549.04. The supreme court held that the award of deposition costs to the prevailing party lies within the sound discretion of the trial judge. It cautioned that courts should be reluctant to expand the list of costs taxable to a losing party. The court said,

> * * * *depositions taken when the information could have been obtained in some other less burdensome or expensive way*, ordinarily will not be considered necessary. * * * The burden is on the prevailing party to show both that the depositions and copies were necessary to the conduct of the litigation and that they were effectively and pertinently used by the prevailing party.

*Id.* at 124.

■ The trial court did not abuse its discretion in allowing costs for videotaped testimony for the following reasons: (1) the known difficulty in scheduling medical experts, (2) videotaped medical testimony is more realistic to a jury than reading the deposition of witnesses, (3) no authority restricts a trial court to awarding only the least expensive alternative method of presenting testimony.

## DECISION

The trial court did not err in deducting actual wage loss rather than a larger amount found by the jury. The court did not err in taxing videotaped deposition costs to appellant. Affirmed.