**Alice Marie JONSSON, Respondent,**

**v.**

**AMES CONSTRUCTION, INC., Appellant (C1–86–2014) Respondent (C7–86–2020).**

**F & P ENTERPRISES, INC., Defendant and Third Party Plaintiff, Respondent (C1–86–2014) Appellant (C7–86–2020),**

**v.**

**Sharon JONSSON, by her father and natural guardian, Harold JONSSON and Harold Jonsson, individually, Third Party Defendants, Respondents.**

Nos. C1–86–2014, C7–86–2020.

Court of Appeals of Minnesota.

July 28, 1987.

Review Denied Sept. 30, 1987.

---

**1.** Minn.Stat. § 170.54 (1984).

Peter W. Riley, DeParcq, Hunegs, Rudquist & Koenig, Minneapolis, for Alice Marie Jonsson.

John H. Hinderaker, Paul W. Heiring, Faegre & Benson, Minneapolis, for Ames Const., Inc.

Ted E. Sullivan, Kay N. Hunt, Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, for F & P Enterprises, Inc.

George F. Vogel, Holst, Vogel, Erdmann & Vogel, Red Wing, for Sharon Jonsson, by her father and natural guardian, Harold Jonsson and Harold Jonsson, individually.

John P. Clifford, Minneapolis, amicus curiae.

Heard, considered and decided by SEDGWICK, P.J., and PARKER and NIERENGARTEN, JJ.

## OPINION

SEDGWICK, Judge.

Alice Jonsson, and her sister Sharon, were injured when their car collided with a truck owned by F & P Enterprises, Inc., at a crossing signal operated by Ames Construction. Alice sued F & P and Ames Construction who then commenced third party actions against Sharon, the operator of the Jonsson vehicle. Sharon sued F & P and Ames and the cases were consolidated.

Ames Construction and F & P brought motions for judgment notwithstanding the verdict or a new trial, which were denied. Alice Jonsson's motion requesting the trial court to award reasonable costs was granted in regard to expert witness fees but denied as to videotaping of depositions and their transcription. Ames, F & P, and Alice all appeal. We affirm in part, reverse in part and remand.

## FACTS

Alice Jonsson, age 22, was severely injured when a car operated by her sister, Sharon, collided with an 80,000 lb. truck owned by F & P Enterprises. The accident occurred at a crossing signal operated by Ames Construction employees to allow trucks to leave a field and cross U.S. Highway 10, a divided highway, without stopping. The crossing signal, which used an arm or barrier to halt traffic, was not lowered at the time of the accident.

The Jonsson vehicle hit the side of the belly type dump truck, became wedged underneath, and was dragged. Alice, her two year-old son, and Sharon all survived. Alice was critically injured. She suffered six broken ribs, a collapsed lung, a fractured left arm, fractures of the pelvis, and multiple soft tissue injuries.

Currently, Alice's ribs ache when the weather is very cold or if she rests too long on her side. She experiences back problems and should not lift weights over 25 pounds. She is unable to lift her four year old son. She has permanent ligament and disc damage to her back, problems with the mobility and strength in her left arm, and her right leg sometimes has a "pinching" pain. She has permanent scars on her left shoulder, the back of her arm, and on her chest. The multiple fractures to her pelvis will complicate any future pregnancy. She has had to restrict her activities because of her injuries and has not experienced a pain-free day since the accident.

The jury found that Ames was 70% negligent, F & P 20%, and Sharon 10%. Sharon received $532,247.14 in damages, $250,000 of which was future damages. Alice was awarded $173,304.30, of which $91,000 was future damages. Prior to the court's instructions, the parties debated the method of discounting the future damages and the trial court determined discounting to be the province of the jury.

## ISSUES

1. Does Minn.Stat. § 604.07 (1986) require the jury or the trial court to discount to present value awards of future damages?

2. Were the damages excessive?

3. Did the trial court abuse its discretion in failing to award respondent deposition expenses (videotaping and transcription) as a reasonable expense?

## ANALYSIS

1. Discount to present value.

■ Minn.Stat. § 604.07 (1986) requires that awards of future damages in actions for personal injury, wrongful death or loss of means of support be discounted to present value. The statute does not state whether the court or the jury should discount. In *Bianchi v. Nordby*, 409 N.W.2d 835 (Minn.1987), the Minnesota Supreme Court determined that the court is required to discount the jury award to present value. Appellants here promptly objected to the jury calculating the discount. The verdict form does not set forth the discount or whether a discount was performed. We remand for a new trial on the issue of future damages only.

2. Damages.

■ On a motion for JNOV or a new trial claiming an excessive award of dam-

ages, the trial court has broad discretion. *Cafferty v. Monson*, 360 N.W.2d 414, 417 (Minn.Ct.App.1985). "The test for setting aside a verdict as excessive is whether it shocks the conscience." *Verhel v. Independent School District No. 709*, 359 N.W.2d 579, 591 (Minn.1984). On review, the evidence must be viewed in the light most favorable to the verdict and the trial court's decision (and the verdict) should be upheld if "there is evidence which reasonably tends to support it." *Cafferty*, 360 N.W.2d at 418. The trial court determined that

> [c]learly * * * the jury evaluated the credibility of the witnesses and weighed the evidence * * * and made its decision based thereon. The evidence in this case easily supports the jury's verdict.

The results of the severe injuries to this young woman have had a considerable impact on her quality of life. We agree with the words of the trial judge: "The evidence *easily* supports the verdict."

3. Deposition Costs.

Alice Jonsson seeks the costs of videotaping and transcribing the tapes under Minn.Stat. § 549.04 (1986). Prior to 1983, the statute required that such costs be *necessarily* paid or incurred. Minn.Stat. § 549.04 (1982). The statute now reads:

> In every action in a district court, the prevailing party * * * shall be allowed *reasonable* disbursements paid or incurred * * *.

Minn.Stat. § 549.04 (1986) (emphasis added). There has been no requirement of necessity since the 1983 amendment.

■ The decision to allow deposition costs as disbursements rests in the trial court's discretion. *Green-Glo Turf Farms v. State*, 347 N.W.2d 491, 495 (Minn.1984). The trial court will only be reversed for an abuse of this discretion. *Striebel v. Minnesota State High School League*, 321 N.W.2d 400, 403 (Minn.1982). These cases applied the pre–1983 standard of necessity. The trial court's discretion is now addressed to the reasonableness of disbursements paid or incurred.

■ The trial court denied costs for pretrial discovery depositions of fact witnesses. The statute is clear "[t]he prevailing party * * * shall be allowed reasonable disbursements." The standard by which the court's discretion is measured is whether expenditures are *reasonable*. Therefore, absent a specific finding that the costs were unreasonable, the court *shall* approve recovery of disbursements.

■ The trial court also refused to allow Jonsson her trial deposition costs because the testimony was videotaped. The trial court's decision implies that Jonsson's expenditures were not reasonable. Availability of witnesses for trial is not determinative in the trial court's decision on whether to allow costs of depositions as disbursements. *Green-Glo*, 347 N.W.2d at 495. The difficulties of having doctors appear and testify in court was addressed in *Anderson v. Honaker*, 365 N.W.2d 307 (Minn.Ct.App.1985), where we said:

> The trial court did not abuse its discretion in allowing costs for videotaped testimony for the following reasons: (1) the known difficulty in scheduling medical experts, (2) videotaped medical testimony is more realistic to a jury than reading the deposition of witnesses, (3) no authority restricts a trial court to awarding only the least expensive alternative method of presenting testimony.

*Id.* at 309. In addition to the reasons noted above, it is very difficult in some judicial districts to get a date certain for trial, and the uncertainty imposes a real hardship on patients as well as doctors. The videotaped depositions which Jonsson attempted to tax were of four medical doctors whose testimony was not cumulative. The costs were reasonable and the trial court abused its discretion by denying the costs because of the judge's expressed preference for live testimony over taped.

**DECISION**

The trial court must discount the jury's verdict as to future damages. The damages were not excessive. The trial court abused its discretion in refusing to allow Jonsson costs of her discovery depositions

of fact witnesses and costs of videotaped depositions and their transcription.

Affirmed in part, reversed in part and remanded for a new trial on the issue of future damages only and to enter judgment for cost of depositions as set forth herein.