556 A.2d 731

**GLOBE SECURITY SYSTEMS COMPANY, et al.**

v.

**Debra STERLING.**

**No. 1037, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

April 28, 1989.

Thomas M. Trezise (Daniel J. Moore and Semmes, Bowen & Semmes, on the brief), Baltimore, for appellants.

Timothy J. Codd (Emanuel H. Horn, Roger J. Bennett, Horn, Bennett & Redmond, P.A., William S. Gann and Cagan, Gann & Zimlin, on the brief), Baltimore, for appellee.

Argued before GARRITY, ALPERT and FISCHER, JJ.

FISCHER, Judge.

Appellants, Globe Security Systems Company (Globe) and Bernard Lyons (Lyons), appeal from a judgment entered in

the Circuit Court for Baltimore City against them in favor of appellee, Debra Sterling.

The jury returned verdicts for appellee against Globe and Lyons for compensatory damages of $25,000 and for punitive damages against Lyons of $1,000 and against Globe of $1.5 million. Following motions, the trial court granted a remittitur of $1 million of the punitive damages against Globe. This appeal followed.

Appellants raise several issues:

1. Did the court err in permitting expert opinion testimony that appellee did not lie under oath?

2. Did the court err in precluding cross-examination of the factual basis of the expert's opinion?

3. Did the trial court err in admitting evidence of standard security practices of Globe and Beckenheimer?

4. Did the trial court err when it instructed the jury on the subject of intentional infliction of emotional distress?

5. Did the trial court err in refusing to instruct the jury that a conditional privilege may be overcome only by clear and convincing evidence of malice?

Appellee's problems began on April 6, 1984 when she entered Beckenheimer's "Big B" supermarket in Baltimore City to purchase soda. As a sales promotion, the soda was offered at a reduced price when accompanied by a coupon and a minimum grocery purchase. In the supermarket, appellee met her friend Theodore Giles, an employee of the store. Giles asked the store cashier to permit appellee to purchase the soda at the sale price, although she lacked the coupon and minimum purchase. On the same date, Lyons, as an employee of Globe, was providing security services at Beckenheimer's. He observed the entire transaction between appellee, Giles and the cashier.

As appellee was leaving the store, Lyons approached her to inquire about the circumstances of the soda purchase. She ignored him, and Lyons pursued her, repeatedly asking for her receipt. Appellee began to flee, but she was stopped and detained by John Davis, an off-duty security

employee of Beckenheimer's. Appellee began screaming and struck Davis and Lyons. A police officer rendered assistance, and appellee was secured and handcuffed.

The trial court submitted appellee's claims for assault, battery, false imprisonment, defamation, and intentional infliction of emotional distress to the jury.

## I.

■ Appellee testified at a deposition and in answer to interrogatories that she was never arrested or convicted of a crime. In point of fact, however, she was arrested twice and convicted once. Appellee introduced testimony from a psychologist licensed in Maryland that appellee did not lie when she denied having a criminal record. The pertinent testimony is as follows:

Q. (BY MR. BENNETT): From your psychological evaluation of Debra, both clinical and test results, can you state in your professional opinion, and I will get right to it, whether or not when Debra did not reveal the 1979 incident in a deposition, and did not reveal it in a job application and did not reveal it in answers to interrogatories, can you state to a reasonable degree of certainty in your profession as to whether she was lying at that time or repressing.

MR. TREZISE: Objection.

THE COURT: Overruled.

THE WITNESS: Yes, I can answer that statement. Let me preface it by saying, if it were a lie, it would be a conscious intent to deceive someone. In that regard, no, she was not lying. There was no conscious intent to deceive. It was a trauma she could not deal with, and as a result she just pushed it down as far as she could. The main thing she was trying to accomplish, her self-esteem was at stake. She was not trying to deceive anyone.

Appellants aver that the court committed reversible error by allowing the psychologist to invade the province of the jury whose duty it is to evaluate the credibility of the

witnesses. Globe and Lyons also claim the court erred by admitting prohibited psychiatric testimony.

Appellee argues that the psychologist's testimony regarding her veracity was admissible as character evidence under Md.Cts. & Jud.Proc.Code Ann. § 9–115 (1984). Section § 9–115 provides only for the admissibility of character evidence. The psychologist was not opining about appellee's character for truthfulness, but rather testifying as to her truthfulness in a specific situation. Therefore, neither § 9–115 nor any other rules concerning the admissibility of character evidence apply to the testimony at issue.

■ In *Simmons v. State,* 313 Md. 33, 42, 542 A.2d 1258 (1988), Judge Cole thoroughly discussed the role and limitations of an expert witness. The Court ruled that an expert may be permitted to address an ultimate issue upon which the jury must reach a conclusion. *Simmons,* 313 Md. at 42, 542 A.2d 1258. *See also* Md.Cts. & Jud.Proc.Code Ann. § 9–120 (1984) (a psychologist licensed in Maryland and qualified as an expert may testify on ultimate issues); *Cider Barrel Mobile Home Court v. Eader,* 287 Md. 571, 584, 414 A.2d 1246 (1980); *Andrews v. Andrews,* 242 Md. 143, 152–53, 218 A.2d 194 (1966). The expert's opinion, however, is admissible only if it is based upon a legally sufficient factual foundation. *Simmons,* 313 Md. at 43, 542 A.2d 1258; *State Health Dep't. v. Walker,* 238 Md. 512, 520, 209 A.2d 555 (1965). "The facts upon which an expert bases his opinion must permit reasonably accurate conclusions as distinguished from mere conjecture or guess." *Walker,* 238 Md. at 520, 209 A.2d 555; *Marshall v. Sellers,* 188 Md. 508, 519, 53 A.2d 5 (1947). While expert psychiatric testimony regarding a party's psychological profile is admissible, "a psychiatrist cannot precisely reconstruct the emotions of a person at a specific time," and testimony to that effect, consequently, is inadmissible. *Simmons,* 313 Md. at 46, 48, 542 A.2d 1258 (citing *Johnson v. State,* 303 Md. 487, 515, 495 A.2d 1 (1985), *cert. denied,* 474 U.S. 1093, 106 S.Ct. 868, 88 L.Ed.2d 907 (1986)); *See also Kanaras v. State,* 54 Md.App. 568, 588, 460 A.2d 61 (1983), *cert. denied,*

297 Md. 109 (1983); *Waine v. State*, 37 Md.App. 222, 246–47, 377 A.2d 509 (1977). *See also Lamazares v. Valdez*, 353 So.2d 1257 (Fla.Dist.Ct.App.1978) (defendant's expert witness, a psychologist, may not testify that defendant was untruthful).

In *Simmons* the Court of Appeals held that a psychiatrist may not testify to a homicide defendant's subjective belief regarding the necessity for self-defense at the time of the homicide. *Simmons*, 313 Md. at 48, 542 A.2d 1258. In the case *sub judice*, the trial judge permitted the psychologist to reconstruct appellee's subconscious reason for testifying falsely about her prior conviction. Specifically, the trial judge permitted the psychologist to testify that appellee was not lying, but rather was repressing to the extent that she was unaware what she was saying was false.

That testimony went beyond a permissible psychological profile, because it related solely to the specific instances of appellee's falsehoods regarding her prior arrests and conviction. Further, the testimony lacked the factual foundation to elevate it above the status of mere conjecture. We do not believe that a psychologist is able to determine whether a person's falsehood was made with the intent to deceive. Hence, the psychologist's testimony on this matter was not admissible as expert testimony.

▪ Ordinarily, a trial judge's discretion regarding admissibility of an expert's opinion will not be disturbed on appeal. *Johnson*, 303 Md. at 515, 495 A.2d 1; *Simmons*, 313 Md. at 43, 542 A.2d 1258. A clear abuse of discretion, however, will necessitate a reversal. *Waine*, 37 Md.App. at 246, 377 A.2d 509 (citing *Brown v. State*, 29 Md.App. 1, 11, 349 A.2d 359 (1975)); *Kanaras*, 54 Md.App. at 588, 460 A.2d 61 (citing *Brown*, 29 Md.App. at 11, 349 A.2d 359). Here, the unfounded opinion as to appellee's veracity was cloaked in the mantle of expertise. Consequently, it could have influenced the jury to such an extent that it usurped the jury's function as a determiner of credibility. We believe this danger existed despite the instructions that the jury

must base its findings only on its own considered opinion. The psychologist's testimony was not harmless under the circumstances of this case. We must, therefore, reverse.

## II.

Our determination on the initial question renders moot appellants' contention that the court erred by precluding cross-examination on the factual basis of the expert's opinion. If the expert is not permitted to give the objectionable opinion, cross-examination is unnecessary. While these findings dispose of the appeal, we will discuss the remaining issues to assist the judge on remand.

## III.

Appellants aver that the trial court erred in admitting portions of Globe's training manuals and testimony regarding Beckenheimer's security procedures. This evidence was not admitted with respect to the liability question, but only as to the issue of punitive damages. As stated by the Court of Appeals in *Kennedy v. Crouch,* 191 Md. 580, 585, 62 A.2d 582 (1948):

> It is an elementary rule that evidence, to be admissible, must be relevant to the issues and must tend either to establish or disprove them, and evidence which does not tend to describe or explain the facts and circumstances of the case is inadmissible.

In *Haile v. Dinnis,* 184 Md. 144, 152, 40 A.2d 363 (1944), the Court of Appeals, quoting *Wigmore's Evidence,* 3rd Ed.Sec. 10, page 293, stated "All facts having rational probative value are admissible, unless some specific rule forbids."

The training manuals and evidence relating to Beckenheimer's practices and procedures were admitted by the trial judge in redacted, limited form solely on the issue of punitive damages. We believe that the evidence admitted is material to the issues of wantonness and reckless disregard for the rights of others. Admittedly, its probative value is not great, but that alone does not require exclusion. The

decision as to the admissibility of the questioned evidence should properly be left to the sound discretion of the trial judge. *See Schear v. Motel Management Corp.*, 61 Md. App. 670, 684, 487 A.2d 1240 (1985).

## IV.

■ Appellants next contend that the trial court erroneously instructed the jury on intentional infliction of emotional distress. The court gave the following instruction:

> In regard to the intentional infliction of emotional distress, one who by extreme and outrageous **or** intentional conduct causes severe mental distress to another may be responsible to that other person. The plaintiff must prove all four elements of the claim. Extreme and outrageous conduct is defined by Maryland law as conduct that an average member of the community would regard as being a complete denial of the plaintiff's dignities as a person. Furthermore the distress must be severely disabling, so acute that no reasonable person could be expected to endure it, as measured by its duration and intensity. (Emphasis added)

Clearly, this instruction is incorrect. In *Harris v. Jones*, 281 Md. 560, 566, 380 A.2d 611 (1977), the Court of Appeals set out the four elements that must be present for intentional infliction of emotional distress:

(1) The conduct must be intentional or reckless;

(2) The conduct must be extreme and outrageous;

(3) There must be a causal connection between the wrongful conduct and the emotional distress;

(4) The emotional distress must be severe.

Since the instruction given by the circuit court uses the disjunctive "or" between the first two elements, the impression was conveyed that either extreme and outrageous or intentional conduct was sufficient to find liability. As the jury was not informed that appellants' conduct must be extreme and outrageous *and* intentional, the instruction was misleading.

## V.

■ The final issue is whether the trial court erred in refusing to instruct the jury that a conditional privilege may be overcome only by clear and convincing evidence of malice. The jury was instructed that appellee met her burden if she established abuse of the privilege by a preponderance of the evidence. In *Kapiloff v. Dunn*, 27 Md.App. 514, 530–33, 343 A.2d 251 (1975), *cert. denied*, 426 U.S. 907, 96 S.Ct. 2228, 48 L.Ed.2d 832 (1976), we held that a public official who seeks to recover for libel can overcome the conditional privilege only by clear and convincing evidence of falsity and actual malice. *See also Harnish v. Herald-Mail Co.*, 264 Md. 326, 335–36, 286 A.2d 146 (1972); *Sherrard v. Hull*, 53 Md.App. 553, 580–81, 456 A.2d 59 (1983), *aff'd*, 296 Md. 189, 460 A.2d 601 (1983). Like *Kapiloff*, both *Harnish* and *Sherrard* involved public figures. *St. Luke Evangelical Lutheran Church, Inc. v. Smith*, 74 Md.App. 353, 371–74, 537 A.2d 1196 (1988), *cert. granted*, 313 Md. 9, 542 A.2d 845 (1988), held that a conditional privilege is defeated by a private person if malice is shown by a preponderance of the evidence. The state interest in protecting private persons from defamation is greater than with public persons. *Gertz v. Welch*, 418 U.S. 323, 344, 94 S.Ct. 2997, 3009, 41 L.Ed.2d 789 (1974).

The type of malice required for both private person and public person defamation actions is knowledge of falsity or reckless disregard for the truth. *St. Luke Evangelical Lutheran Church, Inc.*, 74 Md.App. at 373, 537 A.2d 1196 (private person); *Kapiloff*, 27 Md.App. at 530 n. 17, 343 A.2d 251 (public person). Hence, if the type of malice is the same, then the only avenue open to protect private persons in accordance with *Gertz* is to lower the quantum of proof as we did in *St. Luke Evangelical Lutheran Church, Inc.* Thus we hold that the trial judge properly instructed the jury regarding the proof needed to defeat the conditional privilege.

JUDGMENT REVERSED, CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID BY APPELLEE.